UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION


EDDIE TAYLOR,
          Plaintiff,

 -vs-                                                    Case No.
                                                         Hon.

AEGIS RECEIVABLES MANAGEMENT, INC.,
          Defendant.


## COMPLAINT & JURY DEMAND


*Eddie  Taylor states  the following claims for relief:*

### Jurisdiction

1.      This court has jurisdiction under the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2.      This court may exercise supplemental jurisdiction over the related Federal law claim under the Telephone Consumer Protection Act of 1991 ("TCPA"),  47 U.S.C. 227 *et seq.,* and state law claims arising out of the same nucleus of operative facts which give rise to the FDCPA claims.

3.      This court may exercise diversity jurisdiction over the related Federal law claim under the TCPA, as there is complete diversity in state citizenship and the amount in controversy is in excess of $75,000.

### Parties

4.      The Plaintiff to this lawsuit is Eddie Taylor who resides in Detroit, Michigan.

5.      The Defendant to this lawsuit is Aegis Receivables Management, Inc. ("Aegis"), a Delaware

corporation doing business in Michigan and which conducts business under the assumed name of Global Vantedge, Inc.

## Venue

6.    The transactions and occurrences which give rise to this action occurred in Wayne County.

7.    Venue is proper in the Eastern District of Michigan.

## General Allegations

8.    Some time prior to March 2008, Aegis was engaged by  to collect a debt allegedly owed by a person with a similar last name to Eddie Taylor.

9.    The debt was not owed by Mr. Taylor.

10.    Mr. Taylor is a person.

11.    In March 2008, Aegis began a telephone campaign against Eddie Taylor to collect on the debt.

12.    On information and belief, the debt was a consumer debt.

13.    Mr. Taylor is debt free and owes no money to Aegis or any creditor.

14.    From March 2008 until October 1, 2008, Aegis telephoned Mr. Taylor every day Monday through Friday and twice each on every Saturday and Sunday.

15.    Through these communications Aegis attempted to collect amounts that were not owed by Mr. Taylor.

16.    The first communication was a telephone call in which Aegis left the following message using a prerecorded voice on Mr. Taylor's answering machine:   "It is important that you call.  Our toll free number is 866-265-7685"

17.    At no time during the prerecorded message did  Aegis:

2

      a.     disclose its  identity;

      b.     disclose that it was a debt collector;

      c.     state that it was attempting to collect a debt and than any information obtained will be used for that purpose.

18. Aegis did not send Mr. Taylor a validation notice within 5 days of the initial telephone call to Mr. Taylor.

19. Aegis left the  message set forth in paragraph 10 on Mr. Taylor's answering machine every time it called from March until October 1, 2008.   At no time during the communication did Aegis make the 15 U.S.C. 1692e(11) disclosures set forth in paragraph 11.

20. Because Mr. Taylor was frustrated and  annoyed by the daily telephone calls from Aegis, he called AT&T  to request that the telephone calls be blocked.

21. AT& T was unable to assist him with the request.

22. Because Aegis did not identify itself, did not disclose it was a debt collector or send him any written notice, Mr. Taylor had no idea why Aegis was calling him.

23. In mid August 2008, Mr. Taylor called the telephone number left by Aegis and demanded that it stop calling him.

24. Aegis utilizes technology commonly known as "caller id" to identify the phone number of the person calling it.

25. When Aegis received Mr. Taylor's telephone call, it could ascertain that the call was from Mr. Taylor's phone number.

26. The Aegis debt collector refused to provide Mr. Taylor any assistance unless Mr. Taylor disclosed his name.

27.     Mr. Taylor was concerned about the misuse of his identity and declined to disclose his name but was willing to disclose his telephone number.

28.     Through this call, Aegis had knowledge that Mr. Taylor wanted the calls to stop and in particular that it did not have Mr. Taylor's consent to call.

29.     Aegis continued to call Mr. Taylor on a daily basis.

30.     Each and every prerecorded voice message left by Aegis on Mr. Taylor's answering machine adversely affected Mr. Taylor's privacy rights.

31.     On October 1, 2008,  Mr. Taylor called Aegis.

32.     At no time during the call did Aegis disclose that it was a debt collector.

33.     On several occasions during the call, Mr. Taylor requested that the debt collector identify himself, but the debt collector refused to respond to Mr. Taylor's request.

34.     The debt collector revealed that the alleged debtor on the account was Cynthia Taylor.

35.     Mr. Taylor told Aegis that he was not Cynthia Taylor.

36.     The message on Mr. Taylor's answering machine that played on each instance that Aegis called him states: "This is the Huck Taylor residence."

37.     Accordingly, Aegis had sufficient information from the very first call to determine that Mr. Taylor was not the debtor on the account.

38.     In the following week, Mr. Taylor called Aegis again regarding the debt and reached an Aegis debt collector.  Aegis again failed to state that the communication was from a debt collector.

39.     As a result of the acts alleged above, Mr. Taylor  has suffered damages.

4

## COUNT  I – Fair Debt Collection Practices Act (Aegis)

40.    Mr.  Taylor incorporates the preceding allegations by reference.

41.    At all relevant times Aegis – in the ordinary course of its business – regularly engaged in the

practice of collecting debts on behalf of other individuals or entities.

42.    Aegis is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. §1692a(6).

43.    At all times relevant to this complaint, Aegis sought to collect a "consumer" debt from Mr.

Taylor.

44.    Aegis'  actions to collect this alleged debt from Mr.  Taylor violated the provisions of the

FDCPA including, but not limited to:15 U.S.C. §1692d, d(5), d(6), e, e(11), f, f(1), and g.

45.    Mr.  Taylor has suffered damages as a result of these violations of the FDCPA.

## COUNT  II – Telephone Consumer Protection Act (TCPA)

46.    Mr. Taylor incorporates the preceding allegations by reference.

47.    Aegis  unfairly, unlawfully, intentionally, deceptively and fraudulently violated  the TCPA,

47 U.S.C. § 227 *et seq.*

48.    Aegis's violations include, but are not limited to the following:

a.    Aegis made telephone calls to Mr. Taylor's residential telephone line using artificial

and/or prerecorded voices to deliver messages without his prior  express consent in

violation of  47 U.S.C. § 227(b)(1)(B).

49.    Mr. Taylor received at least 234 prerecorded voice messages on his residential telephone

answering machine from Aegis.

50.     Plaintiff is entitled to  five hundred dollars in damages for each violation of the TCPA,  47
        U.S.C. § 227(b)(3)(B), from Aegis.

51.     Aegis caused the unlawful phone calls to be placed willfully and/or knowingly, entitling Mr.
        Taylor to a maximum of treble damages from Aegis under the TCPA, 47 U.S.C. § 227(b)(3).

52.     Mr. Taylor has suffered damages as a result of these violations of the TCPA.

### COUNT  II – Michigan Occupational Code as alternative to claims under the Michigan Collection Practices Act

53.     Mr.  Taylor incorporates the preceding allegations by reference.

54.     Aegis is a "collection agency" as that term is defined in the Michigan Occupational Code
        ("MOC"), M.C.L. § 339.901(b).

55.     Mr.  Taylor is a debtor as that term is defined in M.C.L. § 339.901(f).

56.     Aegis 's foregoing acts in attempting to collect this alleged debt against Mr.  Taylor
        constitute violations of the MOC including but not limited to the following: M.C.L. §
        339.915(g), (n) and (q).

57.     Mr.  Taylor has suffered damages as a result of these violations of the MOC

58.     These violations of the MOC were willful.

### COUNT  III – Michigan  Collection Practices Act as alternative to claims under the Michigan Occupational Code

59.     Mr.  Taylor incorporates the preceding allegations by reference.

60.     Aegis is a "regulated person" under the Michigan Collection Practices Act ("MCPA"),
        M.C.L. § 445.251(g)(xi).

61.     Aegis 's foregoing acts in attempting to collect this alleged debt against Mr.  Taylor
        constitute violations of the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.*
        including, but are not limited to, the following M.C.L. § 445.252 (g), (n), and (q).

62.    Mr. Taylor has suffered damages as a result of Aegis's violations of the Michigan Collection Practices Act.

63.     Aegis's violations of the Michigan Collection Practices Act were willful.

### Demand for Jury Trial

64.    Plaintiff demands trial by jury in this action.

### Demand For Judgment for Relief

65.    *Accordingly, Mr. Taylor requests that the Court grant:*

 a.    *Equitable relief under statute and common law, in the form of a declaration that the amount sought by Defendant is not actually owed and an injunction prohibiting further collection of those amounts.*

 b.     *Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.*

 c.    *Statutory damages.*

 d.    *Treble damages.*

 e.    *Statutory costs and attorney fees.*

Respectfully Submitted,

LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC

By:     S/ Julie A. Petrik
Julie A. Petrik (P47131)
Attorney For Eddie Taylor
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
JuliePetrik@Att.Net

Dated: October 15, 2008

7